FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUN 11 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EFEMENA IGBE,<br>KINGSLEY INEGBEDION, AND<br>BABAJIDE ADESAYO | First Superseding<br>Criminal Indictment<br><br>1:24-CR-0154<br><br>UNDER SEAL |

THE GRAND JURY CHARGES THAT:

## Background

At all times relevant to this First Superseding Indictment:

1. A "business email compromise" (BEC) was a type of computer intrusion that occurred when an individual was tricked into interacting with an email message that appeared to be, but was not, legitimate. In such schemes, perpetrators of the fraud used spoofed email accounts, posing as customers or other legitimate business partners, and sent emails to the victim designed to divert payments to a new bank account—one that was controlled by the intruder or a conspirator of the intruder and that was set up for the purpose of receiving and redirecting funds illegally acquired from the BEC scheme.

2. A "romance scam" was an online fraud scheme in which individual users of internet dating websites and other social media were targeted for fraud by imposters posing as potential paramours. Scammers used fake online dating and

social media profiles to express strong romantic interest in the targeted users, frequently vulnerable individuals who possess significant financial assets, in order to trick them into sending money to the scammers or their co-conspirators under false pretenses. Such false pretenses often included providing the victim with an elaborate story about needing money to travel back to the United States or to complete business deals abroad.

3. Camtech Auto World, LLC ("Camtech") was a Georgia corporation. On or about August 17, 2018, articles of incorporation for Camtech were filed with the Georgia Secretary of State, identifying the defendant, EFEMENA IGBE, as the organizer of the corporation.

4. K&I Automobile, LLC ("K&I") was a Georgia corporation. On or about August 21, 2019, articles of incorporation were filed with the Georgia Secretary of State, identifying Defendant IGBE as the organizer and manager of the corporation.

5. Kingtech Global Auto World, LLC ("Kingtech") was a Georgia corporation. On or about March 2, 2020, articles of incorporation for Kingtech were filed with the Georgia Secretary of State, identifying the defendant, KINGSLEY INEGBEDION, as the organizer of the corporation.

6. U&I Automotive, LLC ("U&I") was a Georgia corporation. On or about December 31, 2015, articles of incorporation for U&I were filed with the Georgia Secretary of State, identifying the defendant, BABAJIDE ADESAYO, as the organizer of the corporation.

7. Defendants IGBE, INEGBEDION, and ADESAYO opened and caused to be opened bank accounts at multiple financial institutions, including the following:

   a) Citi Bank account ending in 3414 ("Citi 3414"), held in the name of Defendant IGBE;

   b) HSBC Bank account ending in 4987 ("HSBC 4987"), held in the name of Camtech;

   c) Synovus Bank account ending in 2602 ("Synovus 2602"), held in the name of K&I;

   d) Ameris Bank account ending in 7421 ("Ameris 7421"), held in the name of K&I;

   e) Navy Federal Credit Union account ending in 4854 ("Navy Federal 4854"), held in the name of Kingtech;

   f) Georgia's Own Credit Union account ending in 4494 ("Georgia's Own 4494"), held in the name of Kingtech;

   g) Associated Credit Union account ending in 2713 ("Associated 2713"), held in the name of Defendant INEGBEDION;

   h) Truist account ending in 0619 ("Truist 0619"), held in the name of Kingtech;

   i) HSBC Bank account ending in 4059, held in the name of Kingtech;

   j) Navy Federal Credit Union account ending in 6609 ("Navy Federal 6609"), held in the name of U&I;

   k) Navy Federal Credit Union account ending in 9927 ("Navy Federal 9927"), held in the name of U&I;

l)  Truist account ending in 9282 ("Truist 9282"), held in the name of U&I; and

m) Synovus Bank account ending in 2871 ("Synovus 2871"), held in the name of U&I.

## Count One
### (18 U.S.C. § 1956(h) –Money Laundering Conspiracy)

8. The factual allegations contained in paragraphs 1 through 7 of this First Superseding Indictment are re-alleged and incorporated as if fully set forth herein.

9. Beginning no later than in or about April 2020 and continuing until in or about May 2023, the exact dates being unknown, in the Northern District of Georgia and elsewhere, the defendants, EFEMENA IGBE and KINGSLEY INEGBEDION, and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

(a) to knowingly conduct and attempt to conduct, and cause to be conducted, financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, 1341, wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the property involved in the financial

4

transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) to knowingly engage and attempt to engage, and cause the engagement in, monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transactions involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344, all in violation of Title 18, United States Code, Section 1957.

## Manner and Means

10. Defendants IGBE and INEGBEDION received instructions from unknown co-conspirators regarding the receipt and transfer of funds obtained through fraud, including from BEC schemes and romance scams, perpetrated against individuals located throughout the United States.

11. Defendants IGBE and INEGBEDION, and other known and unknown conspirators, provided the money laundering infrastructure that allowed the unlawfully obtained funds to be received and distributed.

12. Defendants IGBE and INEGBEDION communicated with one another through mobile application messaging, including encrypted messaging platforms such as WhatsApp, and other means in order to coordinate the receipt of funds from various fraud schemes.

13. Defendants IGBE and INEGBEDION, and other known and unknown conspirators, registered sham corporate entities, including Camtech, Kingtech, and K&I, none of which engaged in legitimate business but rather, were established for the purpose of opening fraudulent bank accounts to receive the proceeds of the various fraudulent schemes. The sham corporate entities did not have physical premises, earn legitimate income, or pay wages to employees.

14. Defendants IGBE and INEGBEDION, and other known and unknown conspirators, opened bank accounts in the names of the sham corporate entities at multiple financial institutions in the Northern District of Georgia and elsewhere, specifically for the purpose of receiving funds acquired from fraud, including BEC schemes and romance scams.

15. Victims of the BEC schemes and romance scams were directed by unknown conspirators to send funds to Defendants IGBE and INEGBEDION through wire transfers, cashier's checks, and personal checks. The fraudulent funds were deposited into or transferred to bank accounts opened in the names of the sham corporate entities and controlled by the defendants and other conspirators, known and unknown. At times, victims deposited funds directly into bank accounts controlled by the defendants.

16. When funds obtained through the various frauds were received and deposited into the bank accounts opened in the names of the sham corporate entities, Defendants IGBE and INEGBEDION, and other known and unknown conspirators, quickly dispersed and attempted to disperse those illegally obtained funds by making interstate and foreign wire transfers to other bank accounts not associated with the fraud schemes, and by making cash or check withdrawals. By doing so, the defendants attempted to conceal and did conceal the source of the funds obtained illegally through the BEC schemes and romance scams.

17. As a result of the above-described money laundering conspiracy scheme, Defendants IGBE and INEGBEDION, and others, laundered and attempted to launder over $1.5 million in fraud proceeds.

All in violation of Title 18, United States Code, Section 1956(h).

### Counts Two through Sixteen
### (18 U.S.C. § 1957 – Money Laundering)

18. The factual allegations contained in paragraphs 1 through 7 and 10 through 17 of this First Superseding Indictment are re-alleged and incorporated as if fully set forth herein.

19. On or about the dates listed below, in the Northern District of Georgia and elsewhere, the defendants, EFEMENA IGBE and KINGSLEY INEGBEDION, aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in the following monetary transactions by, through, and to a financial institution, affecting

interstate and foreign commerce, knowing that such transactions involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344:

| Count | Date | Monetary Transaction | Amount |
| --- | --- | --- | --- |
| 2 | 4/27/2020 | Withdrawal via check #256 issued to Kingtech from Citi 3414 | $24,000 |
| 3 | 5/08/2020 | Withdrawal via check #104 issued to Kingtech from Citi 3414 | $11,850 |
| 4 | 6/18/2021 | Purchase of cashier's check #0452149610 from Navy Federal 4854 | $60,000 |
| 5 | 6/18/2021 | Purchase of cashier's check #0452149655 from Navy Federal 4854 | $40,000 |
| 6 | 7/14/2021 | Withdrawal via check #1013 from HSBC 4987 | $40,500 |
| 7 | 7/16/2021 | Cash withdrawal from Navy Federal 4854 | $25,000 |
| 8 | 9/09/2021 | Transfer from HSBC 4059 to an account controlled by S.I. | $70,000 |
| 9 | 10/07/2021 | Withdrawal via check #1002 issued to Kingtech from Truist 0619 | $80,000 |
| 10 | 3/09/2022 | Purchase of cashier's check #4817 from Truist 0619 | $160,000 |
| 11 | 3/11/2022 | Withdrawal via check #103 issued to Kingtech from Synovus 2602 | $13,000 |
| 12 | 4/22/2022 | Withdrawal via check #104 from Synovus 2602 | $31,900 |
| 13 | 8/22/2022 | Purchase of cashier's check #85578 from Georgia's Own 4494 | $55,000 |

| 14 | 8/26/2022 | Withdrawal via check #1151 issued to Kingtech from Georgia's Own 4494 | $30,000 |
| 15 | 5/01/2023 | Deposit of personal check #375 from victim B.M. into Georgia's Own 4494 | $19,900 |
| 16 | 5/08/2023 | Withdrawal via check #1263 from Georgia's Own 4494 | $15,000 |

All in violation of Title 18, United States Code, Section 1957 and Section 2.

## Count Seventeen
### (18 U.S.C. § 1956(h) –Money Laundering Conspiracy)

20. The factual allegations contained in paragraphs 1 through 7 of this First Superseding Indictment are re-alleged and incorporated as if fully set forth herein.

21. Beginning no later than in or about April 2020 and continuing until in or about September 2021, the exact dates being unknown, in the Northern District of Georgia and elsewhere, the defendants, EFEMENA IGBE and BABAJIDE ADESAYO, and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

(a) to knowingly conduct and attempt to conduct, and cause to be conducted, financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, 1341, wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code,

9

Section 1344, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) to knowingly engage and attempt to engage, and cause the engagement in, monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transactions involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344, all in violation of Title 18, United States Code, Section 1957.

## Manner and Means

22. Defendants IGBE and ADESAYO received instructions from unknown co-conspirators regarding the receipt and transfer of funds obtained through fraud, including from romance scams, perpetrated against individuals located throughout the United States.

23. Defendants IGBE and ADESAYO, and other known and unknown conspirators, provided the money laundering infrastructure that allowed the unlawfully obtained funds to be received and distributed.

24. Defendant IGBE and other known and unknown conspirators registered sham corporate entities, including Camtech and K&I, none of which engaged in legitimate business but rather, were established for the purpose of opening fraudulent bank accounts to receive the proceeds of the various fraudulent schemes. The sham corporate entities did not have physical premises, earn legitimate income, or pay wages to employees.

25. Defendants IGBE and ADESAYO, and other known and unknown conspirators, opened bank accounts in the names of their corporate entities, including Camtech, K&I, and U&I, at multiple financial institutions in the Northern District of Georgia and elsewhere, specifically for the purpose of receiving funds acquired from fraud, including romance scams.

26. Victims of the romance scams were directed by unknown conspirators to send funds to Defendants IGBE and ADESAYO through wire transfers, cashier's checks, and personal checks. The fraudulent funds were deposited into or transferred to bank accounts opened in the names of the defendants' corporate entities and controlled by the defendants and other conspirators, known and unknown.

27. When funds obtained through the various frauds were received and deposited into the bank accounts opened in the names of their corporate entities, Defendants IGBE and ADESAYO, and other known and unknown conspirators,

11

quickly dispersed and attempted to disperse those illegally obtained funds by making interstate and foreign wire transfers to other bank accounts not associated with the fraud schemes, and by making cash or check withdrawals. By doing so, the defendants attempted to conceal and did conceal the source of the funds obtained illegally through the romance scams.

28. As a result of the above-described money laundering conspiracy scheme, Defendants IGBE and ADESAYO, and others, laundered and attempted to launder over $1.5 million in fraud proceeds.

All in violation of Title 18, United States Code, Section 1956(h).

## Counts Eighteen through Thirty-Two
### (18 U.S.C. § 1957 – Money Laundering)

29. The factual allegations contained in paragraphs 1 through 7 and 22 through 28 of this First Superseding Indictment are re-alleged and incorporated as if fully set forth herein.

30. On or about the dates listed below, in the Northern District of Georgia and elsewhere, the defendants, EFEMENA IGBE and BABAJIDE ADESAYO, aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transactions involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, wire fraud, in violation of Title 18, United

States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344:

| Count | Date | Monetary Transaction | Amount |
|---|---|---|---|
| 18 | 4/23/2020 | Withdrawal via check #113 issued to U&I from Citi 3414 | $20,210 |
| 19 | 5/08/2020 | Withdrawal via check #118 issued to U&I from Citi 3414 | $25,000 |
| 20 | 7/23/2020 | Deposit of check #0093 into Truist 9282 | $26,250 |
| 21 | 8/17/2020 | Deposit of check #1004 into NFCU 9927 | $82,500 |
| 22 | 12/30/2020 | Deposit of check #1035 into NFCU 6609 | $20,700 |
| 23 | 12/30/2020 | International wire transfer to China from NFCU 6609 | $20,000 |
| 24 | 2/25/2021 | Deposit of check #1051 into NFCU 6609 | $50,120 |
| 25 | 2/25/2021 | International wire transfer to China from NFCU 6609 | $21,150 |
| 26 | 3/25/2021 | Deposit of check #1023 into NFCU 6609 | $19,000 |
| 27 | 6/02/2021 | Deposit of check #1005 into NFCU 6609 | $64,900 |
| 28 | 6/18/2021 | Deposit of check #1007 into NFCU 6609 | $99,800 |
| 29 | 6/29/2021 | Deposit of check #1008 into NFCU 6609 | $49,200 |
| 30 | 7/01/2021 | Deposit of check #1009 into NFCU 6609 | $49,500 |
| 31 | 7/01/2021 | International wire transfer to China from NFCU 6609 | $50,000 |
| 32 | 9/09/2021 | Deposit of check #1028 into Synovus 2871 | $48,500 |

All in violation of Title 18, United States Code, Section 1957 and Section 2.

## Forfeiture Provision

31. Upon conviction of the offenses alleged in Counts One through Thirty-Two of this First Superseding Indictment, the defendants, EFEMENA IGBE, KINGSLEY INEGBEDION, and BABAJIDE ADESAYO, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property, including, but not limited to, a money judgment, that is, a sum of money in United States currency representing the amount of property involved in the offense.

32. If, as a result of any act or omission of the defendants, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without undue complexity or difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other

14

property of the defendant up to the value of the forfeitable property described above.

A ___*True*___ BILL

___/s/___
FOREPERSON

RYAN K. BUCHANAN
  *United States Attorney*

*Kelly K. Connors*
KELLY K. CONNORS
  *Assistant United States Attorney*
  Georgia Bar No. 504787

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181