IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

BABAJIDE ADESAYO,

Defendant.

CRIMINAL ACTION FILE

NO. 1:24-CR-154-MHC-RGV-3

## ORDER

This action comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Russell G. Vineyard [Doc. 202] recommending that Defendant Babajide Adesayo ("Adesayo")'s Motion for Speedy Trial [Doc. 173] and Motion to Dismiss for Violation of the Sixth Amendment Right to Speedy Trial[1] [Doc. 187] be denied. The Order for Service of the R&R [Doc. 203] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections by July 22, 2026. Adesayo filed his Objections to the R&R that day ("Def.'s Objs.") [Doc. 211].

---

[1] As the Magistrate Judge notes, Adesayo's second motion is mostly duplicative of his first motion but, as did the Magistrate Judge, this Court considers both motions in ruling on Adesayo's objections to the R&R. See R&R at 2 n.2.

## I.    LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citations omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CRIM. P. 59(a). In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a de novo review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

2

## II.   BACKGROUND[2]

Adesayo originally was indicted on June 11, 2024, on one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count Seventeen) and fifteen counts of money laundering in violation of 18 U.S.C. § 1957 (Counts Eighteen through Thirty-Two).  First Superseding Criminal Indictment [Doc. 8].[3]  Adesayo was arrested on June 13, 2024 [Doc. 45], was appointed an attorney from the Federal Public Defender's office, arraigned that same day, and released on a $10,000 unsecured bond with conditions [Docs. 19-20, 23-24].  A pretrial scheduling order was entered by Magistrate Judge J. Elizabeth

---

[2] Although the Magistrate Judge thoroughly discussed the procedural background of this case in the R&R, because the Court is required to make a de novo determination as to those portions of the R&R to which objections have been made, the Court undertook its own de novo review of the background of this case. Based upon this review, this Court cannot help but comment that Adesayo's newly retained counsel's Eleventh Hour speedy trial objections border on the frivolous, given that nearly all of the continuances sought and granted in this case were made upon motions filed by Adesayo so that said attorneys could effectively prepare for the trial; indeed, the trial of this matter would have been scheduled earlier were it not for Adesayo's own efforts to extend the time for trial, which this Court found were appropriate so that he could present the best defense to the charges against him.

[3] Adesayo was indicted along with co-Defendants Efemena Igbe ("Igbe") and Kingsley Inegbedion ("Inegbedion"), who were both charged in the original indictment returned on May 14, 2024 [Doc. 1].

McBath on June 18, 2024, setting deadlines for the filing of pretrial motions and a pretrial conference for July 1, 2024 [Doc. 25].

On June 25, 2024, attorney E. Jay Abt entered an appearance as counsel for Adesayo [Doc. 27] and filed a motion to continue the dates for filing pretrial motions and the pretrial conference because of counsel's recent retention and a conflict with a previously scheduled matter in state court [Doc. 28]. On June 26, 2026, Judge McBath granted Adesayo's motion to continue, setting the date for the filing of pretrial motions to July 29, 2024, and the pretrial conference for August 6, 2024 [Doc. 30]. Judge McBath also ordered that "the period between the date of the motion to continue, June 25, 2024, and the date of the pretrial conference, August 6, 2024, shall be excluded pursuant to the Speedy Trial Act" because "[t]he ends of justice served by granting the continuance outweigh the best interest of the public and the Defendant in a speedy trial." Id.

On August 5, 2024, Mr. Abt filed a motion to withdraw as counsel for Adesayo [Doc. 44] and, following a hearing held on August 9, 2024, Judge McBath granted the motion and appointed Vidhi Joshi of the Federal Public Defender's office to represent Adesayo [Docs. 46-47]. Ms. Joshi filed an unopposed motion to reopen the time to file pretrial motions on behalf of Adesayo [Doc. 48], given the passing of the deadline to do so and her recent appointment,

4

and asked for a sixty-day extension to enable "effective preparation, which may prevent a miscarriage of justice," and noting that the time to do so should be excluded under the Speedy Trial Act [Doc. 48] at 2-3.  On August 16, 2024, Judge McBath granted the motion, allowed Adesayo until October 15, 2024, to file pretrial motions, and reset the pretrial conference for October 29, 2024 [Doc. 49]. Judge McBath also ordered that "the period between the date of the motion to continue, August 14, 2024, and the date of the pretrial conference, October 29, 2024, shall be excluded pursuant to the Speedy Trial Act" because "[t]he ends of justice served by granting the continuance outweigh the best interest of the public and the Defendant in a speedy trial."  Id.

On October 15, 2024, Adesayo's attorney filed another unopposed motion to file pretrial motions and to continue the pretrial conference, asking for a 45-day extension to enable review of the "voluminous discovery" provided by the Government, "conduct research and investigation," and continue discussions with Adesayo, also noting that the time to do so should be excluded under the Speedy Trial Act [Doc. 53].  On October 16, 2024, Judge McBath granted the motion, allowed Adesayo until November 29, 2024, to file pretrial motions, and reset the pretrial conference for December 3, 2024 [Doc. 55].  Judge McBath also ordered that "the period between the date of the motion to continue, October 15, 2024, and

the date of the pretrial conference, December 3, 2024, shall be excluded pursuant to the Speedy Trial Act" because "[t]he ends of justice served by granting the continuance outweigh the best interest of the public and the Defendant in a speedy trial."[4] Id.

On November 27, 2024, Adesayo's attorney filed another unopposed motion for extension of time to file pretrial motions and to continue the pretrial conference, asking for another 45-day extension to continue her review of the "over 1 terabyte of data" and other "large volume of information," also noting that the time to do so should be excluded under the Speedy Trial Act [Doc. 61]. That same day, Judge McBath granted the motion, allowed Adesayo until January 27, 2025, to file pretrial motions, and reset the pretrial conference for January 29, 2025 [Doc. 62]. Judge McBath also ordered that "the period between the date of the motion to continue, November 27, 2024, and the date of the pretrial conference, January 29, 2025, shall be excluded pursuant to the Speedy Trial Act" because "[t]he ends of justice served by granting the continuance outweigh the best interest of the public and the Defendant in a speedy trial." Id.

---

[4] On October 16, 2024, Judge McBath certified co-Defendant Inegbedion as ready for trial [Doc. 56], but Inegbedion entered a guilty plea on November 13, 2024 [Doc. 59], and was sentenced on February 19, 2025 [Docs. 74, 123].

6

On January 27, 2025, Adesayo filed his Preliminary Motion to Suppress Evidence Allegedly Obtained from a Border Search [Doc. 68] and his Motion to Suppress Evidence Seized from the Warrantless Searches of Cell Phones [Doc. 69]. On January 29, 2025, Adesayo's counsel[5] orally requested a continuance of the pretrial conference, which was granted by Judge McBath, and the pretrial conference was reset for January 31, 2025, with Judge McBath ordering the period between January 28 and January 31, 2025, excluded under the Speedy Trial Act for the same reasons as earlier continuances [Doc. 70].

The pretrial conference was held on January 31, 2025, at which time Judge McBath scheduled an evidentiary hearing on Adesayo's motions to suppress for March 14, 2025 [Doc. 71]. However, on March 13, 2025, Adesayo filed an unopposed motion to recuse Judge McBath after being informed by the Assistant United States Attorney that one of the special agents to be called by the Government at the suppression hearing worked with Judge McBath while she was a member of the United States Attorney's office in an investigation concerning an individual who had ties to Adesayo [Doc. 76]. Judge McBath granted the motion to recuse and the case was reassigned to Magistrate Judge Vineyard [Doc. 77, Doc.

---

[5] On January 7, 2025, Colin Garrett of the Federal Defender Program entered an appearance as additional counsel for Adesayo [Doc. 65].

7

Entry Mar. 13, 2025]. The evidentiary hearing on Adesayo's motions to suppress was reset to May 14, 2025, and the time between March 14 and May 14, 2025, was excluded under the Speedy Trial Act because the case was recently reassigned to Judge Vineyard and the "failure to grant the continuance would deny counsel reasonable time necessary for effective preparation, and the interests of justice in granting the extension outweigh the best interests of the defendant and the public in a speedy trial." [Doc. entry Mar. 19. 2025].

The evidentiary hearing on Adesayo's motions to suppress was conducted on May 14, 2025 [Docs. 79-80]. Judge Vineyard set a briefing schedule with the last reply brief due on August 29, 2025 [Doc. 79]. On June 30, 2025, Adesayo filed his Perfected Motion to Suppress Evidence Allegedly Obtained from a Border Search [Doc. 81]. On August 13, 2025, the Government filed its unopposed motion to continue the filing deadlines for its response and Adesayo's reply briefs for two weeks based on scheduling conflicts [Doc. 82]. On August 25, 2025, Judge Vineyard granted the Government's motion, extending deadlines so the reply brief of Adesayo would be due by September 12, 2025 [Doc. 83]. Judge Vineyard excluded the time between the original due date of the government's response to the motion, August 15, 2025, and the extended date to complete the briefing, September 12, 2025, under the Speedy Trial Act "due to the press of other

8

business, the prosecutor requires additional time to prepare the government's response, and the interests of justice in granting the extension outweigh the interests of defendant and the public in a speedy trial." Id.

After the Government filed its responses to Adesayo's motions to suppress, Adesayo filed an unopposed motion to continue the deadline to file his reply brief for two weeks given his counsel's concurrent obligations [Doc. 89]. Judge Vineyard granted the motion, extending the time for Adesayo's replies to September 26, 2025, and excluding the two-week additional period under the Speedy Trial Act for the same reasons as early extensions granted to Adesayo [Doc. 90].

Judge Vineyard issued his Report and Recommendation on Adesayo's motions to suppress on October 27, 2025, certified the case as ready for trial, and gave the parties fourteen days thereafter to file objections, time that is excludable under the Speedy Trial Act [Docs. 94, 95]. On November 5, 2025, Adesayo filed his unopposed motion for an additional seven days to file objections to the Report and Recommendation "due to the press of other cases" [Doc. 97]. This Court granted that motion [Doc. 98], and Adesayo file his objections on November 17, 2025 [Doc. 99].

On December 17, 2025, this Court entered its order overruling Adesayo's objections and adopting the Report and Recommendation as the order of the Court [Doc. 100]. The Court also excluded from Speedy Trial Act computations the time between the date the Magistrate Judge certified the case ready for trial on October 27, 2025, and the issuance of the Court's December 17, 2025, Order on the Report and Recommendation "because the Court finds that the delay is for good cause, and the interests of justice in considering Defendant's objections to the Report and Recommendation ruling on his pretrial motions to suppress outweigh the right of the public and the right of the Defendant to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(1)(D)." Id. at 18-19. On January 15, 2026, in consultation with the attorneys for the parties, this Court scheduled Adesayo's trial to begin on March 17, 2026, set the dates for the filing of motions in limine and responses and jury charges, and ordered "that the time between the Court's December 17, 2025, Order Certifying the Case Ready for Trial and the trial date on March 17, 2026, shall be excluded in calculating the date on which the trial of this case must commence under the Speedy Trial Act because the Court finds the interests of justice in continuing the trial substantially outweigh the right of the public and the right of the defendant to a speedy trial," [Doc. 102]. Motions in limine and responses

were filed by the parties between February 2 and 17, 2026, and this Court issued its order on the motions on February 25, 2026 [Docs. 107, 109, 110-111, 122].

On February 26, 2026, the Government moved to revoke Adesayo's bond and for his detention due to his alleged new criminal conduct while on release [Doc. 127]. After a hearing was conducted by Magistrate Judge Christopher Bly on March 2, 2026, Judge Bly granted the motion to revoke bond and ordered that Adesayo be placed in the custody of the United States Marshals Service pending trial [Docs. 133, 134]. The next day, a grand jury returned a Second Superseding Indictment charging Adesayo with one additional count of conspiracy to commit money laundering (Count Thirty-Three) and one additional money laundering count (Count Thirty-Four) arising from the alleged conduct committed by Adesayo while on pretrial release [Doc. 136].

On March 10, 2026, Adesayo filed a motion to continue the trial "to allow [the defense] to adequately prepare for trial," which was set to begin on March 17, 2026, based on the fact that the defense had not yet received responses to all of the subpoenas issued for various business records and its inability to process all of the records sought by a government subpoena by the time of trial [Doc. 151]. This Court granted Adesayo's motion and, after consulting with counsel, continued the trial to July 28, 2026 [Doc. 156]. The Court excluded the time between the date of

11

Adesayo's motion to continue trial on March 10, 2026, until the reset trial date of July 28, 2026, under the Speedy Trial Act after finding "the interest of justice in continuing the trial substantially outweighs the best interest of the public and the defendants in a speedy resolution of this matter[.]" Id. at 2.

On April 2, 2026, Adesayo filed a "Notice of Substitution of Counsel," indicating that counsel from the Federal Defender Program was "hereby relieved as counsel in this matter" because Adesayo retained Sam Laguna as his new attorney [Doc. 159]. Mr. Laguda waited two and three months after his retention to file the current motions related to his request for speedy trial.

## III.    The R&R

First, Judge Vineyard notes based on the Court's speedy trial calendar and the time between the Government's motion to detain Adesayo and his detention hearing (which automatically tolls the Speedy Trial clock), there have been only six non-excludable days for speedy trial purposes. R&R at 19 n.15.

Second, in response to Adesayo's contention that the orders in this case excluding time under the Speedy Trial Act fail to satisfy the requirement that the Court set forth its reasons for "end of justice' circumstances, Judge Vineyard determined that the court relied upon the reasons for "end of justice" continuances set forth by Adesayo's own counsel (and in one instance in the Government's

12

motion), all of which were unopposed.  R&R at 21-23.  Specifically, Judge

Vineyard stated as follows:

> In these instances, it is clear that the continuances were designed to allow Adesayo continuity of counsel and to avoid prejudice, [Docs. 28 & 30]; to allow new defense counsel additional time to receive and review discovery and file pretrial motions, [Docs. 48 & 49]; to allow Adesayo's counsel adequate time to discuss options with Adesayo, to review discovery, to file pretrial motions, and "for effective representation, which may prevent a miscarriage of justice," [Docs. 53, 55, 61, & 62]; to allow counsel reasonable time to effectively prepare for the evidentiary hearing upon the reassignment of the case to the undersigned, [Docket entry dated 03/19/2025]; to allow the government additional time to prepare its response to the pending pretrial motions, [Docs. 82 & 83]; to allow Adesayo's counsel additional time to prepare her replies in support of the motions to suppress, [Docs. 89 & 90]; and to allow Adesayo's counsel to adequately prepare for trial, [Docs. 151 & 156].

R&R at 23-24.

Third, Judge Vineyard points to Eleventh Circuit precedent which holds that

the Court is not required to make its findings to support an "ends of justice"

continuance contemporaneously with the granting of such continuances, as long as

the findings are made by the time the court rules on a defendant's motion to

dismiss for an alleged speedy trial violation.  Id. at 25-26.  Because the Court

makes those findings below, there can be no violation of the Speedy Trial Act.

Finally, with respect to Adesayo's argument for dismissal of this case due to

violation of his Sixth Amendment right to a speedy trial, Judge Vineyard

considered the facts of this case in conjunction with the four factors to be applied

under Barker v. Wingo, 407 U.S. 514 (530), and found that the first three factors

"do not weigh heavily against the government," and the fourth factor (actual

prejudice) "weighs in the government's favor."  R&R at 32-46.

## IV.   ADESAYO'S OBJECTIONS

### A.   The Failure to Find a Speedy Trial Act Violation Based on the Lack of Contemporaneous Findings for End-of-Justice Continuances

First, Adesayo contends the Magistrate Judge erred in finding no Speedy

Trial Act violation because the "twenty-one month delay" between his initial

arraignment and the filing of his motion "subverts the Act's scheme," the orders

entered by the Court "lacked the specific contemporaneous findings required by

statute," and this Court cannot make retroactive findings in support of end-of-

justice continuances.  Def.'s Objs. at 3-7.

The Speedy Trial Act provides that when a defendant enters a plea of not

guilty, the trial shall commence within seventy days of when the indictment was

filed and made public or when the defendant first appeared before a judicial officer

of the court in which the charge is pending, whichever date occurs last.  18 U.S.C.

§ 3161(c)(1).  However, there are a number of exceptions that allow for excludable

time that toll the seventy-day time period.  One of those exceptions is for "delay

14

resulting from a continuance granted by any judge on his own motion or at the request of the defendant . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act "does not stipulate when the district court must make these findings; that is, whether the findings must be made contemporaneously with the granting of an ends-of-justice continuance." United States v. Ammar, 842 F.3d 1203, 1207 (11th Cir. 2016) (citing Zedner v. United States, 547 U.S. 489, 507 (2006)). In Zedner, the Supreme Court held that, "at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss" the indictment. Zedner, 547 U.S. at 507; see also Anmar, 842 F.3d at 1207 (examining whether the district court placed its ends-of-justice findings on the record when it continued the trial or, "at the latest, by the time it ruled on [the defendant's] motion to dismiss for a speedy trial violation"). Adesayo relies on United States v. Elkins, 795 F.2d 919 (11th Cir. 1986), for the proposition that the failure of the court to make contemporaneous findings when granting the continuance automatically leads to a Speedy Trial Act violation. Def.'s Objs. at 5-6. That is an erroneous representation of the holding of Elkins,

15

and it is belied by the specific language used by the Eleventh Circuit in that case: "Although the court need not enunciate its findings when it grants the continuance, there must be sufficient evidence in the record indicating that it did consider the factors identified by the statute when it granted the continuance." Id. at 924. See also United States v. Brown, 125 F.4th 1043, 1057 (11th Cir. 2025) (stating that the district court "can make those findings when it enters the continuance or before it rules on the merits of a motion to dismiss") (citing Zedner, 547 U.S. at 506-07); United States v. Fonseca, No. 22-13152, 2023 WL 7272320, at *3 (11th Cir. Nov. 3, 2023) ("The district court need not make its findings regarding an ends-of-justice continuance contemporaneously with granting the continuance so long as the findings are on the record by the time the court rules on the defendant's motion to dismiss for a speedy trial violation.") (citing Anmar, 842 F.3d at 1207).

As this Court is now ruling on such a motion, this Court finds that the ends of justice served by the granting of a continuance of Adesayo's trial from June 18, 2024, until July 28, 2026, outweighed the interests of the public and Adesayo in a speedy trial for the following reasons for each of the excludable periods:

(1)     June 18 –July 1, 2024:  Judge McBath sets the dates for the filing of pretrial motions and the pretrial conference.  The Court finds that this was to provide Adesayo's counsel time to file any motions and to

prepare for the pretrial conference, and the failure to do so would have denied Adesayo's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would have resulted in the miscarriage of justice.

(2)  June 25 –August 6, 2024:  Adesayo's recently retained attorney seeks a continuance for more time to prepare motions and for the pretrial conference.  As the record reflects, the Court finds that the failure to grant the continuance would have denied Adesayo's counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would have resulted in a miscarriage of justice.  The Court further notes that this continuance was at the request of Adesayo.

(3)  August 14 – October 29, 2024:  After Adesayo's counsel withdraws, Judge McBath grants his counsel's motion to reopen the time to file pretrial motions and to give sixty days to do so and to continue the pretrial conference.  As the record reflects, the Court finds that the failure to grant the continuance would have denied Adesayo's counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would have resulted in a

miscarriage of justice. The Court notes that this continuance was at the request of Adesayo.

(4)  October 15 – December 3, 2024: Adesayo's counsel seeks a 45-day extension of time to file pretrial motions and to continue the pretrial conference based on the need to review copious numbers of documents and conduct her own investigation. As the record reflects, the Court finds that the failure to grant the continuance would have denied Adesayo's counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would have resulted in a miscarriage of justice. The Court notes that this continuance was at the request of Adesayo.

(5)  November 27, 2024 – January 29, 2025: Adesayo's counsel seeks another 45-day extension to file pretrial motions and to continue the pretrial conference based on the over one terabyte of data and other information need to be reviewed. As the record reflects, the Court finds that the failure to grant the continuance would have denied Adesayo's counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and

18

would have resulted in a miscarriage of justice.  The Court notes that this continuance was at the request of Adesayo.

(6)    January 28 – 31, 2025[6]:  Adesayo's counsel requests a three-day continuance of the pretrial conference.

(7)    March 14 – May 14, 2025:  Following the recusal of Judge McBath pursuant to Adesayo's unopposed motion, Judge Vineyard rescheduled the hearing on Adesayo's motions to suppress, and the Court finds that the failure to do so would have denied Adesayo's counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would have resulted in a miscarriage of justice.

---

[6] It should be noted that Adesayo filed his motions to suppress on January 27, 2025.  The hearing on those motions was held on May 14, 2025, post-hearing briefs and responses were filed, the Magistrate Judge issued a Report and Recommendation on October 27, 2025, Adesayo filed objections, and this Court issued it final order on the motions to suppress on December 17, 2025.  Thus, the time from January 27, 2025 until December 17, 2025, was automatically excluded under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(D) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, o other prompt disposition of, such motion[.]") and 3161(h)(1)(H) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.").

19

(8)    August 15 – September 12, 2025:  Granting the Government's unopposed motion to additional time to respond to Adesayo's briefs in support of his motions to suppress and giving Adesayo additional time to file replies.  As the record reflects, the Court finds that the failure to grant such request would have denied counsel for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court notes that this is the only request for a continuance made by the Government, and it was not opposed by Adesayo.

(9)    September 12 – September 24, 2025:  Adesayo's counsel seeks a continuance to file reply briefs in support of his motions to suppress. As the record reflects, the Court finds that the failure to grant the continuance would have denied Adesayo's counsel reasonable time necessary for the effective preparation of the case, taking into account the exercise of due diligence.  The Court notes that this continuance was at the request of Adesayo.

(10)   October 27 – December 17, 2025: Following the issuance of the Report and Recommendation on Adesayo's motions to suppress, a total of 21 days were allowed for Adesayo to file objections, including

the seven additional days sought by Adesayo. As the record reflects, the failure to grant Adesayo sufficient time to file objections would have denied Adesayo's counsel reasonable time necessary for the effective preparation of the case, taking into account the exercise of due diligence; moreover, the Court issued its decision adopting the report and recommendation within the time permitted under 18 U.S.C. § 3161(h)(1)(H).

(11)    December 17, 2025 – March 17, 2026: Order setting the trial date in consultation with counsel to enable both sides to have sufficient time to prepare for trial. The failure to grant this period of time would have denied both the Government and Adesayo's counsel reasonable time necessary for the effective preparation in advance of the trial, taking into account the exercise of due diligence.

(12)    March 17 – July 28, 2026: Order continuing trial date after Adesayo's counsel moved for additional time to allow responses to Adesayo's subpoenas issued for various business records and for more time to produce records sought by a Government subpoena prior to the time for trial. The failure to grant this period of time would have denied both the Government and Adesayo's counsel reasonable time

necessary for the effective preparation in advance of the trial, taking into account the exercise of due diligence.  The Court notes that this continuance was done at the request of Adesayo and the trial date was set in consultation with counsel for both parties.  Additionally, after Adesayo's newly retained lawyer entered an appearance on April 2, 2026, no demand for an earlier trial date was made until June 6, 2026, when Adesayo file a "Motion for Speedy Trial," which did not in fact demand a trial any earlier than the previously set date of July 28, 2026 (which was seven weeks from the date of the motion) but was in fact a motion to dismiss based upon alleged Speedy Trial Act violations.  Moreover, a significant number of Adesayo's prior motions for extension of time included the very language contained in 18 U.S.C. § 3161(h)(7)(B)(iv) which the Court now expressly finds to support the ends-of-justice earlier findings.

The record reflects that the continuances in this case were granted almost entirely upon motion of Adesayo's lawyers to enable them the reasonable time to effectively prepare their case and provide Adesayo effective representation, the Court excluded the time expressly finding that the ends of justice outweighed the best interests of Adesayo and the public in a speedy trial, the record supports such

22

continuances, and the Court now makes its findings on the record prior to issuing its ruling on Adesayo's motion to dismiss. Adesayo's objection that the Magistrate Judge erred in failing to recommended dismissal of this case for failure to make contemporaneous findings is **OVERRULED**.

**B.    Co-Defendant Igbe's Fugitive Status**

In his second objection, Adesayo erroneously contends that the Magistrate Judge erred by finding that Igbe's fugitive status excludes all the time taken in this case without a determination as to whether the delay was reasonable. Def.'s Objs. at 8-9. The Magistrate Judge made no such finding. It was the Government that argued in response to Adesayo's motions that the Speedy Trial Clock did not begin to run because of his absent co-Defendant and the failure of Adesayo to move to sever his case from Igbe. Gov't Resp. in Opp'n to Def.'s Mot. for Speedy Trial [Doc. 179] at 4-5. The Magistrate Judge noted the alternative argument made by the Government and clearly stated, "[s]ince there has been no violation of the Speedy Trial Act for the reasons already discussed, *the Court need not reach this issue*[.]" R&R at 29 n.18 (emphasis added). The Magistrate Judge then in dicta noted that under either approach, there would have been no violation of the Speedy Trial Act. Id. This Court need not consider the alternative argument of the Government because the record is clear that no violation of the Act occurred based

upon the findings of the Court entered both contemporaneously with the granting

of continuances and the additional findings made above.  Accordingly, Adesayo's

second objection is **OVERRULED**.

### C.    Sixth Amendment Right to a Speedy Trial

The Sixth Amendment provides that "[i]n all criminal prosecutions, the

accused shall enjoy the right to a speedy . . . trial." U.S. CONST. amend VI.  In his

third objection, Adesayo asserts that the Magistrate Judge erroneously applied the

four-factor balancing test in Barker and failed to determine there was a

constitutional violation.  Def.'s Objs. at 9-16.

> To determine whether a defendant has been deprived of his
> constitutional right to a speedy trial, courts weigh four factors: (1) the
> length of the delay, (2) the reason for the delay, (3) the defendant's
> assertion of his right, and (4) the prejudice to the defendant.  Barker v.
> Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). "In
> this circuit, a defendant generally must show actual prejudice unless the
> first three factors in Barker all weigh heavily against the government."
> United States v. Davenport, 935 F.2d 1223, 1239 (11th Cir. 1991).

United States v. Ogiekpolor, 122 F.4th 1296, 1305 (11th Cir. 2024),

### 1.    Length of the Delay

The approximate 21-month period of delay between indictment and the

scheduled trial is "presumptively prejudicial." See United States v. Ingram, 446

F.3d 1332, 1337 (11th Cir. 2006) (finding two-year delay between indictment and

trial requires an analysis under the remaining three Barker factors).  However, "it

24

does not weigh heavily against the government unless the second factor, the reason for the delay, also weighs against the government." Ogiekpolor, 122 F.4th at 1305. The Magistrate Judge's findings as to this factor were not in error. R&R at 32-34.

### 2. Reason for the Delay

"The government bears the burden of establishing valid reasons for the delay." United States v. Villarreal, 613 F.3d 1344, 1351 (11th Cir. 2010).

> We allocate different weight to different reasons for delay: (1) "[a] deliberate attempt to delay the trial in order to hamper the defense [is] weighted heavily against the government"; (2) "[a] more neutral reason such as negligence or overcrowded courts [is] weighted less heavily [against the government] but nevertheless [is] considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant"; and (3) "a valid reason, such as a missing witness, . . . serve[s] to justify appropriate delay."

Id., 613 F.3d at 1351 (quoting Barker, 407 U.S. at 531). When the responsibility for the delay does not rest with the Government, this factor does not weigh against the Government.

> Louis himself was directly responsible for the seven-month delay between August 2, 2021—the original trial date—and March 1, 2022—the actual trial date. Starting in July 2021, he sought three consecutive continuances, first citing the need to investigate the case, next the need to review discovery, and last the need to contact witnesses. The responsibility for a delay requested by Louis does not "rest with the government." Barker, 407 U.S. at 531, 92 S.Ct. 2182. For these reasons, the second factor does not weigh against the government. And that means the first does not weigh *heavily* against it. See Ogiekpolor, 122        F.4th             at                1306–07.

25

United States v. Louis, 146 F.4th 1328, 1338 (11th Cir. 2025), cert. denied, 146 S. Ct. 1663 (2026).

In this case, nearly every request for a continuance was made by Adesayo (a total of eight requests versus just one from the Government), so that the responsibility for the delay does not rest with the Government.  See Ogiekpolor, 122 F.4th at 1306 ("[W]here the litigation of pretrial motions and requests for continuances initiated by the defendant contribute to the delay, we cannot say that the reason for the delay weighs against the government.").  Adesayo suggests the Government's decision to file a second superseding indictment in March 2026, which was after all of the continuances granted by the Court in accordance with Adesayo's own requests, somehow justifies placing the blame for the entire prior delay on the Government.  Def.'s Objs. at 10.  This argument is without merit.  The Magistrate Judge correctly concluded that the Government's decision to bring a superseding indictment based on Defendant's conduct which occurred from July-September 2025 had no bearing on the reasonableness of the continuances.  R&R at 37-38.   Because the second Barker factor does not weigh against the Government, the first Barker factor, the length of the delay, does not weigh heavily against the Government.  Ogiekpolor, 122 F.4th at 1306-07.  The Magistrate Judge's finding as to the second Barker factor is not error.

26

### 3.    Assertion of Speedy Trial Right

> Under our precedent, whether a defendant's assertion of his speedy trial right weighs heavily against the government depends on the facts relevant to Barker factor two.  Compare Ingram, 446 F.3d at 1335, 1338-40 (holding that the third factor weighed heavily against the government where the government was responsible for the delay and the defendant had asserted his right to a speedy trial soon after learning of the indictment and arrest warrant), with [United States v.] Register, 182 F.3d at 828 (concluding that the third Barker factor did not weigh heavily against the government where the defendant had asserted his right to a speedy trial but also moved for four continuances before trial).

Ogiekpolor, 122 F.4th at 1307.  In this case, nearly all of the continuances were sought by Adesayo and he did not file his speedy trial demand until June 8, 2026, some two years after his indictment (and only seven weeks before trial), or his Sixth Amendment motion to dismiss until July 7, 2026 (just three weeks prior to trial).  Adesayo argues that this factor is neutral because his motion was filed after the time his new counsel entered the case.  Def.'s Objs. at 12.  This ignores the undisputed facts that no such motion was filed by Adesayo's prior attorneys who were the ones requesting nearly all of the continuances.  And his new counsel did not file a motion for speedy trial when entering the case but two months thereafter, and only seven weeks before the trial.

Because Adesayo was primarily responsible for the delay in this case, the Magistrate Judge did not err in finding that the third Barker factor did not weigh heavily against the Government.

27

### 4.  Actual Prejudice

If the first three Barker factors do not weigh heavily against the Government, the defendant "is required to show he suffered actual prejudice to prevail." United States v. Vargas, 97 F.4th 1277, 1289 (11th Cir. 2024). "To show actual prejudice, [he] must show (1) oppressive pretrial incarceration, (2) his own anxiety and concern, or (3) the possibility that his defense was impaired because of the delay." Ogiekpolor, 122 F.4th at 1307 (quoting United States v. Machado, 886 F.3d 1070, 1081-82 (11th Cir. 2018)).

> Prejudice is "assessed in the light of the interests of defendants which the speedy trial right was designed to protect." Barker, 407 U.S. at 532, 92 S.Ct. 2182. The "most serious" of these interests is "to limit the possibility that the defense will be impaired" because "the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id. Here the reason for almost half the delay was so that Louis could—as he requested—prepare for trial, review discovery, file motions, and contact additional witnesses. Louis has not pointed to any prejudice from these delays; if anything, they *improved* his defense. Nor does he cite any actual prejudice from the earlier delays. His Sixth Amendment speedy trial claim therefore fails.

Louis, 146 F.4th at 1339.

Adesayo contends that he has established actual prejudice because he has been subject to "oppressive conditions" since he was detained following the revocation of his bond (although he presents no evidence to support such conclusive assertion), that he has suffered "anxiety and concern" (because of the

28

21-month delay that he primarily caused by his motions to continue the case), and his defense has been impaired (despite the fact that his grounds for requesting continuances was so that his counsel could in fact be fully prepared to fight the charges against him).  See Ogiekpolor, 122 F.4th at 1308 (holding that pretrial incarceration alone does not amount to prejudice unless the defendant demonstrates that "the conditions under which he was held or the length of his confinement rendered the delay a constitutional violation."); United States v. Avalos, 541 F.2d 1100, 1115 (5th Cir. 1976) (citation and punctuation omitted) ("Anxiety of the sort present to some degree in virtually every case does not amount to actual prejudice."); Louis, 146 F.4th at 1339 ("Here the reason for almost half the delay was so that Louis could—as he requested—prepare for trial, review discovery, file motions, and contact additional witnesses.  Louis has not pointed to any prejudice from these delays; if anything, they *improved* his defense.").  The Magistrate Judge did not err in concluding that the fourth Barker factor weighed in favor of the Government.

Based upon an analysis of the Barker factors, Adesayo's objections to the Magistrate Judge's recommendation that his motion to dismiss based on the Sixth Amendment be denied are **OVERRULED**.

## V.   CONCLUSION

Accordingly, after a de novo review of those portions of the R&R to which Defendant objects, the Court **OVERRULES** the objections [Doc. 211].  Finding no clear error in the remaining portions of the R&R, the Court **APPROVES AND ADOPTS** the R&R [Doc. 202] as the Opinion and Order of the Court.

It is hereby **ORDERED** that Defendant Babajide Adesayo's Motion for Speedy Trial [Doc. 173] and Motion to Dismiss for Violation of the Sixth Amendment Right to a Speedy Trial [Doc. 187] are **DENIED.**

**IT IS SO ORDERED** this 24th day of July, 2026.

MARK H. COHEN
United States District Judge

30